IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 2 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00614-BNB

RANDY KAILEY,

       Plaintiff,

v.

BILL RITTER, JR., Governor for the State of Colorado, In His Individual and Official
    Capacity,
JOHN DOE 1, Assistant Arapahoe County, Colorado District Attorney, In His Individual
    and Official Capacity,
ARISTEDES ZAVARAS, Excutive Director for the Colorado State Department of
    Corrections, In His Individual and Official Capacity,
KEITH NORDELL, Director of Legal Affairs for the Colorado State Department of
    Corrections, In His Individual and Official Capacity,
ANTHONY A. DeCESARO, Step III Grievance Officer for the Colorado State
    Department of Corrections, In His Individual and Official Capacity,
DENNIS HOUGNON, Criminal Investigator for the Colorado State Department of
    Corrections, In His Individual and Official Capacity,
PAMELA J. PLOUGH, Superintendent/Warden of the Colorado Territorial Correctional
    Facility, In Her Individual and Official Capacity,
RAE TIMME, Associate Superintendent/Warden of the Colorado Territorial Correctional
    Facility, In Her Individual and Official Capacity,
LINDA MAIFIELD, Custody Control Manager for the Colorado Territorial Correctional
    Facility, In Her Individual and Official Capacity,
E. BENEZE, Criminal Investigator for the Colorado Territorial Correctional Facility, In
    His Individual and Official Capacity,
LARRY WINEGARDENER, Case Manager for the Colorado Territorial Correctional
    Facility, In His Individual and Official Capacity,
R. BLATNER, Cellhouse One Swing Shift Sargeant [sic] for the Colorado Territorial
    Correctional Facility, In His Individual and Official Capacity,
ALBERTUS GERTH, Cellhouse One Swing Shift Correctional Officer for the Colorado
    Territorial Correctional Facility, In His Individual and Official Capacity,
JANE DOE 1, Cellhouse One Swing Shift Control Correctional Officer for the Colorado
    Territorial Correctional Facility, In Her Individual and Official Capacity,
JANE DOE 2, Cellhouse One Swing Shift Control Correctional Officer for the Colorado
    Territorial Correctional Facility, In Her Individual and Official Capacity,
JOHN DOE 2, Cellhouse One Swing Shift Correctional Officer for the Colorado
    Territorial Correctional Facility, In His Individual and Official Capacity,
JOHN DOE 3, Cellhouse One Swing Shift Correctional Officer for the Colorado
    Territorial Correctional Facility, In His Individual and Official Capacity,

SHANE MARTIN, Mental Health Supervisor/Master Social Worker for the Colorado
    Territorial Correctional Facility, In His Individual and Official Capacity,
CHARLETTE FRANCIA, Staff Psychiatrist/Psychologist for the Colorado Territorial
    Correctional Facility, In Her Individual and Official Capacity, and
VICTORIA LEHMAN, Staff Psychiatrist/Psychologist for the Colorado Territorial
    Correctional Facility, In Her Individual and Official Capacity,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## AMENDED PRISONER COMPLAINT

---

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado.

On March 18, 2011, Plaintiff initiated this action by filing a Prisoner Complaint. Plaintiff

asserts jurisdiction in this case pursuant to 28 U.S.C. §§ 1343 and 1391 and 42 U.S.C.

§§ 1983. 1985. and 1986. In the Complaint, Plaintiff challenges his conditions of his

confinement. Plaintiff seeks declaratory and injunctive relief. The Court must construe

the Complaint liberally because Mr. Kailey is not represented by an attorney. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate.

*See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kailey will be ordered to

file an Amended Complaint.

Mr. Kailey must name the proper parties allegedly responsible for violating his

constitutional rights and assert each defendant's personal participation in the alleged

violations. Personal participation is an essential allegation in a civil rights action. *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

2

participation, Mr. Kailey must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, a complaint must explain what each defendant did to harm a plaintiff, when the defendant did it, how the defendant's action harmed the plaintiff, and what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Kailey may use fictitious names such as John or Jane Doe if he does not know the real names of the individuals who allegedly violated his rights. If, however, Mr. Kailey uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Kailey file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Kailey, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Kailey fails within the time allowed to file an Amended Complaint that complies with this Order the Complaint and the action will be

3

dismissed without further notice.

DATED March 22, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-00614-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on March 22, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk