FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 14 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00614-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, JR., Governor for the State of Colorado, In his Individual and Official
    Capacity,
JOHN DOE 1, Assistant Arapahoe County, Colorado District Attorney, In his Individual
    and Official Capacity,
ARISTEDES ZAVARAS, Executive Director for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,
KEITH NORDELL, Director of Legal Affairs for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,
ANTHONY A. DeCESARO, Step III Grievance Officer for the Colorado State
    Department of Corrections, In his Individual and Official Capacity,
DENNIS HOUGNON, Criminal Investigator for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,
PAMELA J. PLOUGH, Superintendent/Warden of the Colorado Territorial Correctional
    Facility, In her Individual and Official Capacity,
RAE TIMME, Associate Superintendent/Warden of the Colorado Territorial Correctional
    Facility, In her Individual and Official Capacity,
DAVE LINAM, Associate Superintendent/Warden for the Colorado Territorial
    Correctional Facility, In his Individual and Official Capacity,
LINDA MAIFIELD, Custody Control Manager for the Colorado Territorial Correctional
    Facility, In her Individual and Official Capacity,
E. BENEZE, Criminal Investigator for the Colorado Territorial Correctional Facility, In his
    Individual and Official Capacity,
LARRY WINEGARDENER, Case Manager for the Colorado Territorial Correctional
    Facility, In his Individual and Official Capacity,
R. BLATNER, Cellhouse One Swing Shift Sargeant [sic] for the Colorado Territorial
    Correctional Facility, In his Individual and Official Capacity,
JANE TOOMEY, Cellhouse One Swing Shift Housing Sergeant for the Colorado
    Territorial Correctional Facility, In her Individual and Official Capacity,
ALBERTUS GERTH, Cellhouse One Swing Shift Correctional Officer for the Colorado
    Territorial Correctional Facility, In his Individual and Official Capacity,
JANE DOE 1, Cellhouse One Swing Shift Control Correctional Officer for the Colorado
    Territorial Correctional Facility, In her Individual and Official Capacity,
JOHN DOE 2, Cellhouse One Swing Shift Control Correctional Officer for the Colorado
    Territorial Correctional Facility, In his Individual and Official Capacity,
SHANE MARTIN, Mental Health Supervisor/Master Social Worker for the Colorado
    Territorial Correctional Facility, In his Individual and Official Capacity,

VICTORIA LEHMAN, Staff Psychiatrist/Psychologist for the Colorado Territorial Correctional Facility, In Her Individual and Official Capacity,

Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Kailey, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On March 22, 2011, Magistrate Judge Boland entered an order and instructed Mr. Kailey to file an Amended Complaint and assert personal participation by all named defendants. Magistrate Judge Boland also instructed Mr. Kailey to explain what each defendant did to harm him, when the defendant did it, how the action harmed him, and what legal right was violated. Mr. Kailey filed an Amended Complaint on April 1, 2011.

The Court must construe the Amended Complaint liberally because Mr. Kailey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Complaint will be dismissed in part.

Overall, the Amended Complaint addresses alleged prisoner attacks against Mr. Kailey that he claims have continued since he testified against two other prisoners in a criminal proceeding in 1993. Mr. Kailey contends that defendants have failed to protect him from the attacks.

To the extent Mr. Kailey restates in Claims One and Two the claims he asserted against Defendant Dennis Hougnon and Defendant John Doe I (Assistant Arapahoe District Attorney ) in *Kailey v. Ritter, et al.*, No. 10-cv-02171-LTB (D. Colo. Feb. 10, 2011) (unpublished), the claims and Defendants will be dismissed for the following reasons. The Court found in Case No. 10-cv-02171-LTB, that the claims against Defendant Hougnon are repetitive of the claims Mr. Kailey raised in *Kailey v. Gallagher, et al.*, No. 94-cv-00500-LTB-DEA (D. Colo. June 10, 1994) (unpublished). Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that the claims asserted against Defendants Hougnon and John Doe I are repetitive of the claims Mr. Kailey asserted in Case No. 94-cv-00500-LTB-DEA. Therefore, Defendants Hougnon and John Doe I will be dismissed from the action.

Defendants Larry Winegardener, Shane Martin, and Victoria Lehman also will be dismissed from the action. Although in Claim Three Mr. Kailey asserts that he talked with each of these defendants regarding his concerns about his safety, he does not assert that any attacks by other inmates were the result of these defendants' actions or failure to act. Therefore, Mr. Kailey has failed to assert a claim against these defendants in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

With respect to Defendants Bill Ritter, Jr., Aristedes Zavaras, Keith Nordell, Anthony A. DeCesaro, Pamela J. Plough, Rae Timme, Dave Linam, Linda Maifield, E. Beneze, Mark Holloway, Jane Toomey, and Albertus Gerth, the action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the Complaint and action, as asserted against Defendants Bill Ritter, Jr., Aristedes Zavaras, Keith Nordell, Anthony A. DeCesaro, Pamela J. Plough, Rae Timme, Dave Linam, Linda Maifield, E. Beneze, Mark Holloway, R. Blatner, Jane Toomey, and Albertus Gerth, shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendants Dennis Hougnon, John Doe I (Assistant Arapahoe District Attorney), Larry Winegardener, Shane Martin, and Victoria Lehman are dismissed from the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __14th__ day of ____April____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00614-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 14, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk