IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00614-REB-BNB

RANDY KAILEY,

Plaintiff,

v.

BILL RITTER, JR., Governor for the State of Colorado, in his individual and official capacity,
ARISTEDES ZAVARAS, Executive Director for the Colorado State Department of Corrections, in his individual and official capacity,
KEITH NORDELL, Director of Legal Affairs for the Colorado State Department of Corrections, in his individual and official capacity,
ANTHONY A. DECESARO, Step III Grievance Officer for the Colorado State Department of Corrections, in his individual and official capacity,
PAMELA J. PLOUGH, Superintendent/Warden of the Colorado Territorial Correctional Facility, in her individual and official capacity,
RAE TIMME, Associate Superintendent/Warden of the Colorado Territorial Correctional Facility, in his individual and official capacity,
DAVE LINAM, Superintendent/Warden of the Colorado Territorial Correctional Facility, in his individual and official capacity,
LINDA MAIFIELD, Custody Control Manager for the Colorado Territorial Correctional Facility, in her individual and official capacity,
E. BENEZE, Criminal Investigator for the Colorado Territorial Correctional Facility, in his individual and official capacity,
MARK HOLLOWAY, Housing Supervisor for the Colorado Territorial Correctional Facility, in his individual and official capacity,
R. BLATNER, Cellhouse One Swing Shift Sergeant for the Colorado Territorial Correctional Facility, in his individual and official capacity,
JANE TOOMEY, Cellhouse One Swing Shift Sergeant for the Colorado Territorial Correctional Facility, in her individual and official capacity, and
ALBERTUS GERTH, Cellhouse One Swing Shift Correctional Officer for the Colorado Territorial Correctional Facility, in his individual and official capacity,

Defendants.

**ORDER**

This matter arises on the plaintiff's **Motion for Summary Judgment** [Doc. #24, filed 08/10/2011].

The defendants filed a Motion to Dismiss [Doc. #15] on June 6, 2011. On June 7, 2011, I ordered the plaintiff to respond [Doc. #17] to the Motion to Dismiss, and I granted him an extension of time to respond until August 11, 2011 [Doc. #23].

Rather than filing a response to the defendants' Motion to Dismiss, the plaintiff filed the Motion for Summary Judgment. The Motion for Summary Judgment does not set forth any undisputed material facts or supporting evidence. To the contrary, the Motion for Summary Judgment is simply a response to the defendants' Motion to Dismiss [Doc. #15]. Indeed, the plaintiff states that it is filed "in accordance with [the court's] Order of June 7, 2011." Therefore, I construe the Motion for Summary Judgment as a response to the defendants' Motion to Dismiss.

To the extent the plaintiff is attempting to include a motion in his response, "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C.

IT IS ORDERED:

(1) The plaintiff's Motion for Summary Judgment [Doc. #24] is construed as a response to the defendants' Motion to Dismiss;

(2) To the extent the plaintiff is attempting to include a Motion for Summary Judgment in his response, such motion is DENIED pursuant to D.C.COLO.LCivR 7.1C.; and

(3)  The Minute Order issued August 11, 2011 [Doc. #26] is VACATED.[1]

Dated August 12, 2011.

              BY THE COURT:

               s/ Boyd N. Boland
              United States Magistrate Judge

---

[1] The Minute Order directs the defendants to respond to the Motion for Summary Judgment.