IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00614-REB-BNB

RANDY KAILEY,

Plaintiff,

v.

BILL RITTER, JR., Governor for the State of Colorado, in his individual and official capacity,
ARISTEDES ZAVARAS, Executive Director for the Colorado State Department of Corrections, in his individual and official capacity,
KEITH NORDELL, Director of Legal Affairs for the Colorado State Department of Corrections, in his individual and official capacity,
ANTHONY A. DECESARO, Step III Grievance Officer for the Colorado State Department of Corrections, in his individual and official capacity,
PAMELA J. PLOUGH, Superintendent/Warden of the Colorado Territorial Correctional Facility, in her individual and official capacity,
RAE TIMME, Associate Superintendent/Warden of the Colorado Territorial Correctional Facility, in his individual and official capacity,
DAVE LINAM, Superintendent/Warden of the Colorado Territorial Correctional Facility, in his individual and official capacity,
LINDA MAIFIELD, Custody Control Manager for the Colorado Territorial Correctional Facility, in her individual and official capacity,
E. BENEZE, Criminal Investigator for the Colorado Territorial Correctional Facility, in his individual and official capacity,
MARK HOLLOWAY, Housing Supervisor for the Colorado Territorial Correctional Facility, in his individual and official capacity,
R. BLATNER, Cellhouse One Swing Shift Sergeant for the Colorado Territorial Correctional Facility, in his individual and official capacity,
JANE TOOMEY, Cellhouse One Swing Shift Sergeant for the Colorado Territorial Correctional Facility, in her individual and official capacity, and
ALBERTUS GERTH, Cellhouse One Swing Shift Correctional Officer for the Colorado Territorial Correctional Facility, in his individual and official capacity,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On March 18, 2011, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The order granting leave to proceed *in forma pauperis* states, in part:

> However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this order. Accordingly, it is
>
> * * *
>
> FURTHER ORDERED that Plaintiff may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915 (b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is
>
> FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

*Order Granting 28 U.S.C. § 1915 Motion Without Payment of Initial Partial Filing Fee* [Doc. #3], pp. 2-3.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at

the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

Since being granted leave to proceed under section 1915 in March 2011, the plaintiff has shown cause why he cannot pay for the months of July and August 2011. The plaintiff has not made monthly payments to the court nor has he shown cause why he cannot make payments for the months of April, May, June, and September 2011. Consequently, I ordered that on or before October 31, 2011, the plaintiff must either make the required monthly payments or show cause why he cannot. *Order to Show Cause* [Doc. #31]. In doing so, I stated the following:

> It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.
>
> Plaintiff is further advised that making purchases at the canteen instead of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the order allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee [Doc. #3].

Id. at pp. 3-4.

In addition, I cautioned the plaintiff that if he failed to show cause on or before October 31, 2011, I would recommend to the district judge that the complaint and this civil action be dismissed. Id. at p. 3.

The plaintiff responded to the Order to Show Cause on October 14, 2011 [Doc. #32] (the "Response"). He supplemented his Response on October 19, 2011 [Doc. #33] (the "Supplemental Response").

The plaintiff argues that he should not be responsible for providing his inmate account statements and that the court should instead order the prison facility to provide payment or show cause. *Response*, pp. 2-3. Under the specific language of the Court's Order granting leave to proceed under 28 U.S.C. § 1915 [Doc. #3], the responsibility for ensuring that monthly filing payments are made, or demonstrating why such a payment cannot be made, remains with the plaintiff. This is the standard practice of the United States District Court for the District of Colorado in prisoner cases.

The plaintiff challenges my assertion that he did not make monthly payments for June, July, August, and September 2011, or show cause why he could not. He claims that my statement "is patently untrue." *Response*, p. 2, first full paragraph. However, the record reflects that since being granted leave to proceed under section 1915 in March 2011, the plaintiff has not paid any money toward his filing fee, and he has submitted inmate account statements only for the months of July and August [Docs. #29 and #30].

The plaintiff submits his inmate account statement for June and July 2011. *Response*, pp. 4-5. He also submits his inmate account statement for September 2011. *Supplemental Response*, p. 2. He does not submit a statement for August 2011. The account statements show that he did

4

not have sufficient funds to make a filing fee payment in the months of July and September 2011, but he did have an available balance of $39.29 in June 2011. Therefore, he was required to submit $7.80 to the court in June 2011. He did not submit any money toward his filing fee in June 2011.

The plaintiff did not make the required monthly payments for June 2011, and he did not make a payment or show cause why he could not for August 2011. Therefore, he has failed to comply with my *Order to Show Cause* [Doc. #31] and the *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee* [Doc. #3], and the court may dismiss the action pursuant to D.C.COLO.LCivR 41.1.[1]

Before recommending dismissal of this case as a sanction, I must consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003).

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the court's orders is minimal and, without more, would be insufficient to warrant

---

[1]Local rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

dismissal. I note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, and the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

With regard to the second factor, the plaintiff's failure to comply with court orders has caused disruption to the judicial process. Instead of attending to the merits of this case and others, I have been required to devote attention to this plaintiff's failure to comply with court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for failing either to make his payments or show cause why he cannot in compliance with the court's order.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment and reporting requirements in the Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. #3] and in the Order to Show Cause [Doc. #31].

Finally, I conclude that no sanction less than dismissal with prejudice would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be

ineffective. Because the injury from the plaintiff's failure to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Moreover, instead of showing cause for his failure to pay or why he could not pay, the plaintiff attacks the integrity of the court. He accuses the court of having audacity; of mistreating, disrespecting , and threatening him; of being unprofessional; and of having "attitude." *Response*, p. 2. Litigants must behave in a manner "that displays a basic understanding of and respect for the courts and the rule of law in this nation." Kyler v. Everson, 442 F.3d 1251, 1254 (10th Cir. 2006). Under these circumstances, I am convinced that dismissal of this case with prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the court's orders of March 18, 2011, and October 5, 2011.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 8, 2011.

                                             BY THE COURT:

                                             /s/ Boyd N. Boland
                                             United States Magistrate Judge