**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00614-REB-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, JR., Governor for the State of Colorado, in his individual and official
    capacity,
ARISTEDES ZAVARAS, Executive Director for the Colorado State Department of
    Corrections, in his individual and official capacity,
KEITH NORDELL, Director of Legl Affairs for the Colorado State Department of
    Corrections, in his individual and official capacity,
ANTHONY A. DeCESARO, Step III Grievance Officer for the Colorado State
    Department of Corrections, in his individual and official capacity,
PAMELA J. PLOUGH, Superintendent/Warden of the Colorado Territorial Correctional
    Facility, in her individual and official capacity,
RAE TIMME, Associate Superintendent/Warden of the Colorado Territorial Correctional
    Facility, in her individual and official capacity,
DAVE LINAM, Superintendent/Warden of the Colorado Territorial Correctional
    Facility, in his individual and official capacity,
LINDA MAIFIELD, Custody Control Manager for the Colorado Territorial Correctional
    Facility, in her individual and official capacity,
E. BENEZE, Criminal Investigator for the Colorado Territorial Correctional
    Facility, in his individual and official capacity,
MARK HOLLOWAY, Housing Supervisor for the Colorado Territorial Correctional
    Facility, in his individual and official capacity,
R. BLATNER, Cellhouse One Swing Shift Sargeant (sic) for the Colorado Territorial
    Correctional Facility, in his individual and official capacity,
JANE TOOMEY, Cellhouse One Swing Shift Housing Sergeant for the Colorado
    Territorial Correctional Facility, in her individual and official capacity, and
ALBERTUS GERTH, Cellhouse One Swing Shift Correctional Officer for the Colorado
    Territorial Correctional Facility, in his individual and official capacity,

    Defendants.

**ORDER CONCERNING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the **Recommendation of United States Magistrate Judge** [#34][1] filed November 8, 2011.  The plaintiff filed objections [#37].  I adopt the recommendation in part and respectfully reject it in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed. I have considered carefully the motions, recommendations, objections, and applicable caselaw.

The plaintiff, Randy Kailey, is proceeding *pro se*. Thus, I have construed his filings generously and with the leniency and deference due *pro se* litigants.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

In his recommendation [#34], the magistrate judge recommends that the plaintiff's complaint be dismissed with prejudice. The magistrate judge recommends dismissal with prejudice as a sanction for the plaintiff's failure timely to make monthly filing fee payments, or to show cause why he could not make payments, as ordered by the court.

A brief history is instructive.  On March 18, 2011, the court entered an order [#3] granting Mr. Kailey permission to proceed in forma pauperis.  The order requires Mr. Kailey to make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account, or show cause why he has no assets and no

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

means by which to make each monthly payment. In addition, the order includes a warning that the case may be dismissed without prejudice if Mr. Kailey "fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above" why he is unable to make a monthly payment.  *Order* [#3], pp. 2-3.

Not until September 12, 2011, some six months after the court's order [#3] was entered, did Mr. Kailey make any effort to comply with the order.  On September 12, 2011, Mr Kailey filed a statement of his prison account [#29] showing his income and expenditures for the month of July, 2011.  On September 27, 2011, Mr Kailey filed a statement of his prison account [#30] showing his income and expenditures for the month of August, 2011.

On October 5, 2011, the magistrate judge issued an order [#31] requiring Mr. Kailey to remedy his non-compliance with the court's order [#3].  The magistrate judge required Mr. Kailey to make payments for the months of April, May, June, and September, 2011, or to show cause by October 31, 2011, why he could not.  In addition, the magistrate judge ordered Mr. Kailey to make a payment, or show cause why he cannot, by the 15th day of each month.

On October 14, 2011, Mr. Kailey filed a statement of his prison account [#32], showing his running account balance from February 1, 2011, through July 13, 2011.  On October 19, 2011, Mr. Kailey filed a statement of his prison account [#33], showing his income and expenditures for the month of September, 2011.

Under the terms of the court's initial order [#3], a filing fee payment of 7.80 dollars was due for June, 2011.  To this point, no payment was included with Mr.

Kailey's filings.

On November 8, 2011, the magistrate judge issued his recommendation [#34] recommending that this case be dismissed with prejudice based on Mr. Kailey's failure to comply with the court's orders concerning monthly filing fee payments. On November 14, 2011, Mr. Kailey submitted a partial filing fee payment of ten dollars [#35]. Since then, Mr. Kailey has filed statements of his prison account for the months of October, 2011 [#36], November, 2011 [#39], January, 2012 [#43], and February, 2012 [#44]. Mr. Kailey has not made a payment for or filed an account statement for December, 2011.

Routinely, incarcerated pro se litigants comply with the same filing fee requirements that are included in the court's March 18, 2011, order [#3] in this case. Mr. Kailey, however, ignored the court's order for six months. Only after the court entered its order [#31] requiring Mr. Kailey to bring himself into compliance, did Mr. Kailey suddenly made efforts to remedy his non-compliance. Since the magistrate judge recommended that this case be dismissed, Mr. Kailey has filed account statements for most of the subsequent months but, to date, he still has not filed an account statement for the month of December, 2011.

As the magistrate judge notes, Mr. Kailey's continuing failure to comply with the court's orders disrupts the judicial process. Instead of attending to the merits of this case and others, the magistrate judge and this judge have been required to attend to the plaintiff's continuing failure to comply with the court's orders. This misdirected expenditure of scare and valuable judicial resources is prodigal.

In his objection [#37], Mr. Kailey summarizes the debts he owes for postage, photocopying, and filing fees in other cases. He asserts that payment of filing fees in

this case leaves "him with less than $1.00, per month, of support." *Objection* [#37], p. 3. In general, Mr. Kailey's objection is a series of complaints about the burden of complying with the filing fee requirement and contentions that he had "made every reasonable effort to meet the Court's requirements." *Id.*, p. 5. Addressing the magistrate judge's conclusion that Mr. Kailey owed a filing fee of 7.80 dollars for June of 2011, Mr. Kailey says he "informed the Court he did not have the funds required to pay the $7.80 the Court, now, required for June, 2011." The fact that Mr. Kailey owed this amount for June of 2011, was not apparent until Mr. Kailey filed a slew of account statements, in response to the court's order [#31], on October 14, 2011.

Mr. Kailey's disaffected and tardy compliance with the orders of this court created a situation in which his duty to make a payment for June did not become apparent until October. It is no surprise that, two months after the payment was due, Mr. Kailey no longer had the money. This problem was created by Mr. Kailey and his belated compliance with this court's orders.

Mr. Kailey contends that his mother's payment of a partial filing fee on November 14, 2011, makes this issue moot. It does not. Mr. Kailey's non-compliance, which includes his tardy compliance, with the orders of this court has caused and continues to cause a substantial disruption to the judicial process in this case. When "a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed." *Recommendation* [#34], p. 6. The recusant attitude and behavior of Mr. Kailey has transformed not one, but two, federal judges into financial babysitters.

Given these circumstances, and with only one exception, I agree with the

5

circumstantiated and reticulated analysis of the magistrate judge concerning the application of the factors stated in *Erenhaus v. Reynolds* to this case. 965 F.2d 916, 921 (10th Cir. 1992). However, I disagree with the magistrate judge on one point. Given all of the circumstances of this case, I conclude that dismissal of this case without prejudice is the appropriate sanction.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#34] filed November 8, 2011, is **APPROVED** and **ADOPTED** as an order of this court, consistent with the foregoing findings and conclusions and the following orders;

2. That under D.C.COLO.LCivR 41.1, this case is **DISMISSED** without prejudice as a sanction for the plaintiff's repeated non-compliance and tardy compliance with the orders of this court;

3. That to the extent the magistrate judge recommends dismissal with prejudice, rather than dismissal without prejudice, the **Recommendation of United States Magistrate Judge** [#34] filed November 8, 2011, respectfully is **REJECTED**; and

4. That the defendants' **Motion To Dismiss** [#15] is **DENIED** as moot.

Dated March 23, 2012, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge